IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LORRIE BOREM, ) | |
| ) | Civil Action No. |
|   Plaintiff, ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| THE KOLTER GROUP, LLC, ) | |
| ) | |
|   Defendant. ) | |
| ) | |
| _____ ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Lorrie Borem ("Plaintiff"), and files this Complaint against Defendant The Kolter Group, LLC ("Defendant"), and shows the following:

### I.   Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as

amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA") during Plaintiff's employment with Defendant.

## II.     Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant is subject to specific jurisdiction over the claims asserted herein. In addition, a substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. §1367.

## III.     Parties and Facts

5.

Plaintiff is a resident of the State of Georgia and is subject to jurisdiction in this Court.

6.

Plaintiff was employed by Defendant from February 2015 to November 18, 2021.

7.

Plaintiff was an "employee" of Defendant, as that term has been by the FLSA, 29 U.S.C. §203(e).

8.

Throughout Plaintiff's employment with Defendant, including the time Plaintiff was employed by Defendant during the (3) years preceding the filing of this Complaint (the relevant statutory period), Plaintiff's primary duty was non-exempt work, specifically clerical and mundane general office work, and discretion lacking tasks involved in doing walk throughs of properties.

9.

At the time she was hired, Plaintiff's job title was customer service coordinator. Later in 2015, Plaintiff's job title was new home orientation specialist, however, her primary job duties remained the same, i.e., the duties set forth in Paragraph 8, supra.

10.

Defendant is an "employer" as that term has been defined by the FLSA, 29 U.S.C. §203(d).

11.

Throughout the (3) year period preceding the filing of this complaint in which Plaintiff was employed by Defendant, Plaintiff was paid on a salary basis, without overtime compensation, calculated at one and one half times her regular rate, for hours Plaintiff worked in excess of 40 in given workweeks.

12.

Throughout the relevant statutory period (May 2019 – November 2021), Plaintiff regularly worked an amount of time that was more than 40 hours in given workweeks and was not paid the overtime wage differential for hours she worked over 40 in workweeks.

13.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

13.

Defendant knew or had reason to know that Plaintiff regularly worked in excess of 40 hours in workweeks without overtime compensation.

14.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

15.

Defendant failed to pay Plaintiff the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over forty (40) hours in a workweek.

16.

Throughout Plaintiff's employment, Defendant misclassified Plaintiff as exempt from overtime.

17.

During the relevant statutory period, Defendant treated other employees performing the duties Plaintiff performed as non-exempt from overtime.

## Count I

## Violations of the Fair Labor Standards Act.

18.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

19.

Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in given workweeks.

20.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

21.

Defendant's violations of the FLSA were willful and in bad faith, thus entitling Plaintiff to a three-year statute of limitations on her claims.

22.

Defendant knew or showed reckless disregard for the fact its actions, policies, and/or omissions violated the FLSA.

## IV.  Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)  Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)  Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and,

(C)  Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA, and that Defendant's violations of the FLSA were willful; and

(D)  Permit Plaintiff to amend her Complaint to add state law claims if necessary;

(E)  Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted,

This 9th day of May, 2022.

**BARRETT & FARAHANY**

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Plaintiff

P.O. Box 530092
Atlanta, GA 30353-0092
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com