**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| LORRIE BOREM,<br><br>Plaintiff,<br><br>v.<br><br>THE KOLTER GROUP, LLC,<br><br>Defendant. | Civil Action No.<br>1:22-cv-01839-VMC |

**ORDER**

This matter is before the Court on the Parties' Joint Motion to Approve FLSA Settlement. (Doc. 8). For the reasons below, the Court will grant the Parties' Joint Motion.

Plaintiff Laurie Borem ("Plaintiff" or "Borem") filed this Action seeking declaratory relief, liquidated and actual damages, and attorney's fees and costs for Defendant's alleged failure to pay federally mandated overtime wages in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et. seq.* ("FLSA"). Shortly after the Complaint was filed, the Court stayed the Action while the Parties engaged in arbitration. (Doc. 7). The Parties participated in mediation on October 5, 2022 and agreed to settle this case. (Doc. 8 at 3). Pursuant to *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1352-52 (11th Cir. 1982), however, the Court is required to review the Parties' settlement agreement.

In conducting this review, a district court must "scrutiniz[e] the settlement for fairness," and determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1352-53. A settlement agreed upon in an adversarial context where both sides are represented by counsel throughout the litigation "is more likely to reflect a reasonable compromise of disputed issues." *Id.* The district court may approve the settlement in order to promote the policy of encouraging settlement in litigation. *Id.* at 1354.

Here, the Parties acknowledge that there is a *bona fide* dispute regarding Plaintiff's claims. Nonetheless, the Parties represent that they were able to reach a settlement agreement with respect to Plaintiff's overtime claims and any other FLSA-related claims. And Plaintiff acknowledges that the amounts that are to be paid to her under the settlement agreement fairly compensate her for alleged overtime-related violations of the FLSA, liquidated damages, and attorney's fees incurred in connection with her claims. In exchange for these payments, Plaintiff has agreed to release any and all FLSA-related claims she has against Defendant as of the date of execution of their settlement agreement. The release does not include a confidentiality provision.

The Court has reviewed the settlement agreement executed by the Parties as filed with the Court in the public record and based on the contents therein and

the representations of the Parties, finds that the compromise reached is a fair and reasonable resolution of the dispute.

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Joint Motion to Approve Settlement is **GRANTED**.
2. The Court finds that the agreed-upon terms and conditions of settlement of this litigation arising under the Fair Labor Standards Act, as set forth in the Settlement Agreement, are fair and reasonable under the circumstances, and the Settlement Agreement is hereby **APPROVED**.
3. This cause is hereby **DISMISSED** with prejudice, with costs and fees to be paid pursuant to the terms of the Settlement Agreement.
4. The Court shall retain jurisdiction over the action to enforce the terms of the Settlement Agreement.

**SO ORDERED** this 8th day of November, 2022.



Victoria Marie Calvert
United States District Judge